# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN EBNER, individually and on
behalf of all others similarly situated,

        *Plaintiff*,

        v.

MERCHANTS & MEDICAL CREDIT
CORP., *et al*.,

        *Defendants*.

CIVIL ACTION
NO. 14-06882

### DECLARATION OF GERALD D. WELLS, III IN SUPPORT OF PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Gerald D. Wells, III, declare as follows:

1. I am a founding member of the law firm of Connolly Wells & Gray, LLP (the "Firm"). I am personally involved in all aspects of the prosecution of this matter.

2. The Firm was founded in October, 2013. Prior to this, I was with the law firm of Faruqi & Faruqi, LLP ("F&F"). I became a partner at F&F in January 2012. While at F&F, I was either chair or co-chair of the firm's employment practices group.

3. I have been involved in all aspects of this litigation from the initial investigation through its resolution.

4. I make this Declaration in support of Plaintiff's Motion for Preliminary Approval of Class Action Settlement ("Plaintiff's Motion"), which seeks preliminary approval of the Settlement Agreement.[1] The matters set forth herein are stated within my personal knowledge.

---

[1] All capitalized terms not otherwise defined in this declaration have the same meaning given them in the Settlement Agreement.

5. A true and correct copy of the Settlement Agreement, with its exhibits, is attached hereto as "Exhibit 1."

6. At present, the Parties are obtaining signatures to the Settlement Agreement and will submit a fully executed copy of the Settlement Agreement as soon as practicable.

7. I am submitting this declaration to put before the Court certain documents and facts supporting preliminary approval of the Settlement and demonstrating that the requirements of Rule 23 are satisfied here for purposes of conditionally certifying the Settlement Class.

## FACTS AND PROCEDURAL BACKGROUND

8. In this Lawsuit, Plaintiff alleges that Defendants sent debt collection letters to Plaintiff and others where the glassine window of the envelope displayed their account number.

9. The Third Circuit has held that such information visible through the glassine window constitutes a violation of the FDCPA. *See Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014).

10. Accordingly, on December 4, 2014, Plaintiff filed her class action complaint ("Complaint").

11. Shortly after the filing of the Lawsuit, the matter was reassigned from the Honorable Eduardo C. Robreno to this Court.

12. On March 20, 2015, Defendant filed its Answer, wherein it denied it violated the FDCPA.

13. In April 2015, the Court held a Rule 16 conference and subsequently entered a scheduling order.

14. Following entry of this order, Plaintiff served written discovery including request for production of documents and interrogatories.

15. Although the Parties had been discussing possible resolution early on, after Plaintiff propounded her written, these discussions became more detailed. Indeed, the Parties discussed the applicability of the Third Circuit's decision in *Douglas* as well as the scope of any proposed settlement. To that end, counsel for Defendant provided Plaintiff's counsel with certain key information, including the total number of letters sent in the Commonwealth of Pennsylvania and in the Third Circuit, as well as Defendant's net worth information.

16. These settlement discussions were extensive and, at times, heated. Following months of extensive settlement discussions, the parties reached an accord regarding the overall contours of a settlement. The Parties discussed this proposed settlement with the Court at a pretrial conference on August 26, 2015.

17. However, it took months of further negotiations between the Parties before the Settlement Agreement was finalized. Indeed, the Settlement Agreement was not finalized until shortly before the filing of the motion *sub judice*.

18. My co-counsel and I are pleased to present for preliminary approval the proposed Settlement set forth in the Settlement Agreement.

19. In our view the Settlement represents an excellent result that will provide significant benefits to the Settlement Class while removing the risk and delay associated with further litigation.

20. The Settlement Fund shall be for the benefit of the Settlement Class members.

21. My co-counsel and I recommend the proposed Settlement as an excellent result in light of the factual and legal risks of continued litigation. In recommending the Settlement as fair, reasonable and adequate, Settlement Class Counsel have considered, among other things,

the events underlying Plaintiff's claims and the possible defenses to those claims, and the information gleaned by the extensive exchange of information between the Parties in this case.

22. All of this information provided us with a thorough understanding of the strengths and weaknesses of Plaintiff's claims and the risks associated with further litigation.

23. Settlement Class Counsel also relied upon their collective experience litigating and resolving other class actions and other cases alleging violations of the FDCPA.

24. In short, my co-counsel and I believe that this Settlement is fair and reasonable in light of the fact that it provides a substantial monetary recovery when weighed against the very real risk that the Settlement Class could recover nothing.

25. Indeed, the proposed Settlement provides the Settlement Class with the maximum statutory cap in damages available under the FDCPA, while at the same time avoiding the risk and delay of trial.

**SETTLEMENT CLASS COUNSEL BELIEVES THAT THE PROPOSED SETTLEMENT SATISFIES THE APPLICABLE FACTORS CONSIDERED BY COURTS IN THE THIRD CIRCUIT WHEN REVIEWING PROPOSED CLASS ACTION SETTLEMENTS**

26. Before agreeing to the proposed Settlement, Settlement Class Counsel assessed its merits using various factors typically used by counsel in this type of case including the factors used by courts in the Third Circuit to assess proposed class action settlements. Settlement Class Counsel believes that the proposed Settlement is fair, reasonable, and adequate when the applicable factors are considered. Those factors include: (1) the complexity, expense, and likely duration of the litigation; (2) the reaction of the class to the settlement; (3) the stage of the proceedings and the amount of discovery completed; (4) the risks of establishing liability; (5) the risks of establishing damages; (6) the risks of maintaining the class action through the trial; (7) the ability of the defendants to withstand a greater judgment; (8) the range of reasonableness of

the settlement fund in light of the best possible recovery; and (9) the range of reasonableness of the settlement fund to a possible recovery in light of all the attendant risks of litigation.

27. The complexity, expense, and likely duration of the litigation justify preliminary approval of the Settlement. This Action has gone on for over a year and will require significant expense and additional litigation should the Settlement not be approved.

28. The reaction of the class to the Settlement has not yet been determined as Class Notice has not yet been sent. However, Plaintiff supports the Settlement.

29. The stage of the proceedings and the amount of discovery completed justifies approval of the Settlement. The Parties have exchanged significant information and engaged in numerous settlement discussions. Accordingly, Settlement Class Counsel were armed with the necessary information in order to assess any proposed settlement.

30. The risks of establishing liability and damages also counsel approval of the Settlement. Class certification, liability, and establishing damages would be hotly contested issues should the Lawsuit continue to be litigated in the absence of the Settlement reached by the Parties.

31. The risks of maintaining the class action through the trial justifies approval of the Settlement as well. Based on my experience litigating class action cases, it is clear that Defendant would have vigorously opposed class certification in the absence of this Settlement. The risks associated with class certification increase the risk of maintaining the proposed class, and therefore supports settlement.

32. The range of reasonableness of the settlement fund in light of the best possible recovery and all the attendant risks of litigation strongly counsels approval of the Settlement, in

that the Settlement here provides for the possibility that Participating Settlement Class Members could receive the maximum recovery allowable under the FDCPA.

33. In addition, there is no fraud or collusion by the Parties. Rather, the proposed Settlement was negotiated over the course of many months between experienced counsel.

34. Further, Settlement Class Counsel have developed a comprehensive understanding of the merits of the case through our work on the case. In our view, when we agreed to the proposed Settlement, we had obtained sufficient information about the strengths and weaknesses of the claims and defenses to make a reasoned judgment about the desirability of settling the case the terms proposed. In Settlement Class Counsel's view, the stage of litigation and amount of discovery weigh in favor of preliminarily approving the Settlement.

35. Importantly, no money from the Settlement Fund will revert back to the Defendant, regardless of the number of Participating Settlement Class Members.

36. Rather, any amounts remaining in the Settlement Fund after distribution will be distributed to the *cy pres*, as approved by the Court, in conformity with the Settlement Agreement.

## THE COURT SHOULD CERTIFY THE PROPOSED SETTLEMENT CLASS FOR SETTLEMENT PURPOSES

37. Plaintiff seeks certification of the following Settlement Class:

Any persons located in one of the following states: (i) the Commonwealth of Pennsylvania, (ii) the State of New Jersey, or (iii) the State of Delaware, according to their last known address in MMCC's records, from December 4, 2013 through August 1, 2015 (the "Class Period"), where said person received one or more letters from Defendant seeking to collect a consumer debt for which the MMCC account number was visible through the glassine window of the envelope.

## THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23(A)

38. In Settlement Class Counsel's view the proposed Settlement Class satisfies the requirements of Rule 23 for class certification. Federal Rule of Civil Procedure 23(a) requires that (1) the class is so numerous that joinder of all members is impracticable; (2) there are questions of law or fact common to the class; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequately protect the interests of the class.

39. In Settlement Class Counsel's view, the class is so numerous that joining all members is impracticable. Settlement Class Counsel understands that there are over five thousand Settlement Class Members. Defendant does not contest this. As a result, Class Counsel suggests that the Lawsuit satisfies the numerosity requirement.

40. Second, there are questions of law or fact common to the Settlement Class, including, whether the account numbers of Settlement Class Members were visible through the glassine window of the envelope the debt collection letter was sent, in violation of 15 U.S.C. § 1692(f)(8), and whether Defendant could assert a benign language defense.

41. Third, Plaintiff's claims are typical of the proposed Settlement Class because all claims of Plaintiff and the Settlement Class arise from the same practices by Defendant – the mailing of the collection letters with account numbers visible through the glassine window of the letter envelope. There are no unique facts or circumstances that would render any claims atypical.

42. Fourth, in Settlement Class Counsel's view, Plaintiff is an adequate representative because her interests are not in conflict with the Settlement Class. Instead, Plaintiff and

members of the Settlement Class share the common goal of maximizing their recovery from Defendant.

43. Indeed, Plaintiff expended considerable time and effort in assisting counsel in the prosecution of this matter against Defendant. For example, Plaintiff spent time assisting with the development of the case, providing documents to Plaintiff's counsel and remaining apprised of the settlement discussions.

44. In short, based on her conduct to date, Plaintiff clearly demonstrated her adequacy to serve as a class representative.

### THE PROPOSED SETTLEMENT CLASS MEETS THE REQUIREMENTS OF RULE 23(B)

45. Settlement Class Counsel also suggest that Plaintiff meets the requirements of Rule 23(b)(3) for purposes of certifying a Settlement Class, which requires that the questions of law or fact common to all members of the class predominate over questions pertaining to individual members and that class action is superior to other available methods of adjudication.

46. Here, the common nucleus of operative fact is that all Settlement Class Members received collection letters from Defendant that utilized glassine windowed envelopes through which the Settlement Class Member's account number was visible. The claims of the Plaintiff and the Settlement Class all arise from the same course of conduct by Defendant.

47. Additionally, there is no better method available than class action for the adjudication of the claims of Plaintiff and members of the Settlement Class.

### RULE 23(G) IS SATISFIED

48. Finally, certifying a class requires the Court, under Rule 23(g), to examine the capabilities and resources of counsel for the class to determine whether they will provide

adequate representation to the class. Here, Settlement Class Counsel have substantial experience handling class actions and other complex litigation.

49. As the Court is undoubtedly aware, a firm's experience is based on the experience of its attorneys. As the primary attorney responsible for the prosecution of this matter on behalf of the Firm, the Court should look to my relevant experience.

50. I am a graduate of both Temple University and Temple University School of Law (J.D. 2001). I am licensed to practice law in Pennsylvania, New Jersey, and California. In addition, I am admitted to practice before the United States Supreme Court, the United States Courts of Appeals for the Third, Eighth, Ninth, and Eleventh Circuits, the United States District Courts for the Eastern District of Pennsylvania, Eastern District of Michigan, Northern District of Illinois, Northern, Southern, Central and Eastern Districts of California, and District Court of New Jersey.

51. I have significant complex commercial litigation, having spent the last thirteen years litigating exclusively complex litigation matters.

52. I have experience in prosecuting complex consumer protection cases and I am currently counsel of record in several cases alleging violations of the FDCPA.

53. My complex litigation experience includes serving as class counsel in such cases as *In re Bristol-Myers Squibb ERISA Litig.*, No. 02-cv-10129 (S.D.N.Y.) (settlement of ERISA claims of 40,000 class members for $41.22 million plus structural plan changes valued at up to $52 million); *In re Westar Energy Inc. ERISA Litig.,* No. 03-4032-JAR (D. Kan.) ($9.25 million cash settlement); *In re Federal Home Loan Mortgage Corp. Securities & Derivative Litig.,* No. 04-md-1584 (S.D.N.Y.) (settlement of ERISA claims for $4.65 million plus additional ameliorative measures); *In Re RCN ERISA Litig.,* Master File No. 04-cv-5068 (D. NJ.) ($5.375

million cash settlement); and *Falk v. Amerada Hess Corp.,* No. 03-CV-2491-FSH-PS ($2.25 million in cash plus structural remedies valued at up to $23.8 million).

54. I have also helped obtain the following settlements in opt-out class actions: *Weaver v. Edward D. Jones & Co.*, L.P., Nos. 08-cv-529, 08-cv-540 (N.D. Ohio) (settlement of state and federal wage and hour claims for up to $19 million); *Tobin v. A.G. Edwards & Sons, Inc.,* No. 08-cv-338 (S.D. Cal.) (settlement of state and federal wage and hour claims for up to $12 million); *In re: AXA Wage and Hour Litig.,* No. 06-cv-4291 (N.D. Cal.) (settlement of state and federal wage and hour claims for $6.5 million); *In re M.L. Stern Overtime Litig.,* No. 07-cv-118 (S.D. Cal.) (settlement of $945,960 for state and federal wage and hour claims of 219 class members).

55. In this District alone, I have been involved in matters, including *Magness v. Walled Lake Credit Bureau et al*, No. 12-CV-06586 (E.D. Pa.) (class-wide resolution of FDCPA litigation); *In re Janney Montgomery Scott Financial Consultant Litig.*, No. 06-cv-3202 (E.D. Pa.) (settlement of state and federal wage and hour claims for up to $2.88 million) and *In re Chickie's & Pete's Wage and Hour Litigation,* Master File No. 12-cv-6820 (E.D. Pa.) (settlement on behalf of opt-in plaintiffs, obtaining 100% recovery of the back wages allegedly owed).

56. My Firm's experience and expertise has been recognized by courts across the country. For example, CWG was recently appointed to the executive committee prosecuting the claims in the consolidated action styled *In re 2014 RadioShack ERISA Litig.*, Master File No. 4:14-cv-959-O (N.D. Tex.) and serves as co-lead counsel in the action styled *Gedek v. Perez, et al.* (*In Re Kodak ERISA Litig.*), No. 6:12-cv-06051 (W.D.N.Y.). The Firm also served as class counsel in the following cases: *Bergman v. Kindred Healthcare Inc., et al.,* No. 10cv191 (N.D. Ill.)(obtaining final approval of $700,000 settlement in state-wide class action alleging violations

of wage and hour laws); *Hellmann v. Cataldo, et al.,* No. 12-cv-2177 (E.D. Mo.)(in ERISA action, obtaining final approval for $800,000 settlement class).

57. Moreover, Settlement Class Counsel (comprised of my Firm and Kalikhman & Rayz, LLC) also satisfy the requirements of Rule 23(a)(4) as they have served as class counsel in other class actions, including serving as class counsel in an FDCPA class action styled *Magness v. Walled Lake Credit Bureau et al*, No. 12-CV-06586 (E.D. Pa.)(final approval granted class-wide settlement of $550,000 for 31,000 member class). In addition, my Firm and Kalikhman & Rayz, LLC also recently obtained preliminary approval in the following class actions: *Volyansky v. Hayt, Hayt & Landau, LLC,* No. 13-3360 (E.D. Pa.)(alleging FDCPA violation) and *Kotchmar v. Movie Tavern Partners, LP, et al.*, No. 15-cv-04061 (E.D. Pa.)(alleging wage and hour violations). In addition, both myself and attorneys at Kalikhman & Rayz, LLC served as class counsel in an action styled *Avangard Auto Finance, Inc. v. Great American Ins. Co.,* No. 10-cv-6849 (E.D. Pa.).

58. Importantly, I have been involved in all aspects of the prosecution and resolution of this Lawsuit.

59. In short, Settlement Class Counsel have done substantial work to investigate potential claims in the Lawsuit and have vigorously pursued the interests of the Settlement Class throughout the litigation.

60. For these reasons, the Court should conditionally certify the Settlement Class for settlement purposes.

## THE COURT SHOULD APPROVE THE PROPOSED CLASS NOTICE
## AND THE CLAIMS PROCEDURE

61. Submitted contemporaneously herewith is a true and correct copy of the proposed Class Notice to be sent to members of the Settlement Class and published on a website maintained by the Settlement Administrator.

62. Settlement Class Counsel have successfully used similar notice programs in other settled cases and courts have repeatedly approved similar programs. The proposed Class Notice provides detailed information about the Settlement, including a comprehensive summary of its term and the terms of the releases of claims as well as the attorneys' fees, expenses and Case Contribution Award sought by Plaintiff.

63. In Settlement Class Counsel's view, Plaintiff's proposed means of class notice meets or exceeds the standards for due process and Rule 23. Settlement Class Counsel believe that a direct first-class mailing to each Settlement Class member's last known address in addition to an Internet website presence will result in a very high percentage of actual notice to the Settlement Class Members, ensuring that the proposed Class Notice and overall notice plan meet the mandates of due process and the requirements of Rule 23.

64. In short, based on my experience, I believe that preliminary approval of the Settlement should be granted, as it is fair, reasonable and adequate, and confers a substantial benefit on the Settlement Class.

## ATTORNEYS' FEES, EXPENSES, AND THE CASE CONTRIBUTION AWARD

65. As set forth in the Settlement Agreement, prior to the Final Approval Hearing, Settlement Class Counsel will submit a fulsome brief on the appropriateness of Class Counsel's fee request, request for reimbursement of expenses, and Plaintiff's Case Contribution Award.

Settlement Class Counsel believes that this will allow Settlement Class members to, if they so desire, voice their opinions as to these requests.

66. Indeed, each of these requests is detailed in the proposed Class Notice and includes information for Settlement Class Members who wish to object to any or all of these requests.

67. Nevertheless, Settlement Class Counsel believes a brief explanation of the appropriateness of these requests is warranted at this juncture.

68. It is black letter law that Settlement Class Counsel are entitled to their out-of-pocket expenses that were reasonably and necessarily incurred in furtherance of the prosecution of this Lawsuit.

69. Settlement Class Counsel will submit a report detailing each expense it seeks reimbursement for prior to the Final Approval Hearing.

70. Defendant has agreed, upon approval by the Court, to pay up to $42,500 to Settlement Class Counsel for attorneys' fees and costs.

71. The proposed Case Contribution Award is also appropriate as courts across the country routinely grant such awards in recognition of the contribution the named plaintiff(s) have made to the case and the benefit they helped confer to the settlement class.

72. Here, the Plaintiff provided assistance that enabled Settlement Class Counsel to successfully prosecute the Action and reach the Settlement, including (1) submitting to interviews with Settlement Class Counsel, (2) providing Settlement Class Counsel with documents and information, and (3) keeping herself apprised of the status of the settlement negotiations. Her efforts were a substantial benefit to the Settlement Class.

73. Finally, Plaintiff's name will forever be associated with a debt collection case.

74.	Importantly, the Case Contribution Award is subject to this Court's approval and will be paid out of the amount payable to Settlement Class Counsel's fee award. As such, like Settlement Class Counsel's fee and expense request, it will not dilute the amount payable to Participating Settlement Class Members.

75.	Accordingly, I believe the requested Case Contribution Award is eminently appropriate.

76.	Despite the appropriateness of these requests, the precise amount of the attorneys' fees, expenses and Case Contribution Award requested will be submitted for the Court's consideration after the Settlement Class has had an opportunity to opine on these requests and well in advance of the Final Approval Hearing

## CONCLUSION

77.	Plaintiff and Class Counsel respectfully submit that the Settlement is an excellent result for the Settlement Class in this case. Class Counsel recommend the Settlement as fair, reasonable, and adequate, and they request that this Court: (1) preliminarily approve the Settlement Agreement, (2) certify the proposed class and appoint Settlement Class Counsel (3) approve Plaintiff's Class Notice and related notice plan, and (4) set a date for a Final Approval Hearing at least 100 days from entry of the preliminary approval order.

I declare under penalty of perjury that the foregoing is true and correct. This Declaration was executed on March 21, 2016, in King of Prussia, Pennsylvania.

_/s/ Gerald D. Wells, III_
Gerald D. Wells, III