# EXHIBIT 1

## AGREEMENT OF SETTLEMENT

This Agreement of Settlement is entered into this 21st day of March, 2016, by and between Susan Ebner, individually and on behalf of the Settlement Class described herein ("Plaintiff" or "Representative Plaintiff") and Merchants & Medical Credit Corporation ("MMCC" or "Defendant"). Plaintiff and MMCC are hereafter collectively referred to as the "Parties." Unless otherwise noted, all capitalized terms shall have the meaning ascribed to them herein.

## RECITALS

WHEREAS, on December 4, 2014, the Plaintiff filed a Class Action Complaint (the "Complaint") against MMCC alleging violations of the law, including the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "Lawsuit");

WHEREAS, the Parties have engaged in serious and protracted negotiations in an attempt to resolve all claims asserted in the Lawsuit;

WHEREAS, the Parties first reached a settlement in principle for an amount to be awarded to the Settlement Class (defined in ¶1(x) below) and only after reaching such settlement, turned to the task of negotiating an amount of attorneys' fees and reimbursement of expenses for Plaintiff's counsel to request and to which MMCC would not object and has agreed to pay, subject to Court approval;

WHEREAS, MMCC has denied, and continues to deny, the material allegations in Plaintiff's Complaint, disputes both factually and legally that it is liable in any way to Plaintiff or the class she seeks to represent, denies that its actions violated state or federal law in any manner, and asserts that even if Plaintiff were to prevail, MMCC's maximum class liability is limited by 15 U.S.C. § 1692k(a)(2) to one percent of the net worth of MMCC. Nevertheless, MMCC concludes that further litigation would be protracted and expensive, and that it is desirable that this litigation be fully, finally and forever settled in the manner set forth in this Agreement. MMCC is, therefore, wiling to enter into this Agreement to avoid the further expense and inconvenience of litigation and to resolve and settle all claims which have been made or could be made against MMCC by Plaintiff and the class arising out of the alleged statutory violations.

WHEREAS, MMCC has represented that approximately 5012 persons fall within the definition of the Settlement Class;

WHEREAS, MMCC declares that its net worth does not exceed $2,900,000.00 as of March 31, 2015 and Plaintiff has relied on this

representation in entering into this Settlement Agreement;

WHEREAS, uncertainty exists as to any potential liability of MMCC in the Lawsuit or as to the nature and amount of relief, if any, to which the Representative Plaintiff and the members of the Settlement Class may be entitled in Lawsuit if any liability were to be imposed on MMCC;

WHEREAS, following comprehensive discussions between counsel, and with the assistance of the Court, the Parties have reached a compromise of the claims asserted in the Lawsuit, subject to the approval of the Court; and

WHEREAS, the attorneys for the Representative Plaintiff represent that they have conducted a thorough study and investigation of the law and the facts relating to the claims that were asserted or could have been asserted in the Lawsuit and have concluded, taking into account the substantial benefits that the Settlement Class members will receive as a result of the settlement provided herein (the "Settlement") and the considerable risks and delays of further litigation, that the Settlement is fair, reasonable and in the best interests of the Representative Plaintiff and the Settlement Class members;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the undersigned that the litigation shall be settled and compromised, subject to the approval of the Court, upon and subject to the following terms and conditions:

1.      For purposes of this Settlement Agreement, the following terms shall hereinafter be defined as follows:

(a)      "Agreement" or "Settlement Agreement" means this Settlement Agreement.

(b)      "Settlement Class Member" means any persons located in one of the following states: (i) the Commonwealth of Pennsylvania, (ii) the State of New Jersey, or (iii) the State of Delaware, according to their last known address in MMCC's records, from December 4, 2013 through August 1, 2015 (the "Class Period"), who received one or more letters from Defendant seeking to collect a consumer debt for which the MMCC account number was visible through the glassine window of the envelope.

(c)      "Participating Settlement Class Member" shall mean Settlement Class Members who timely and validly include themselves in the settlement as provided for in the Settlement Agreement, their respective co-borrowers, spouses, or former spouses, or anyone else who had, has or

may in the future have an interest in debt collection actions that are the subject of this Settlement Agreement, and the present, former and future respective heirs, executors, administrators, representatives, agents, attorneys, partners, successors, predecessors-in-interest, assigns, employees, insurers and reinsurers of the Representative Plaintiff or the Settlement Class Members, provided however that any Settlement Class Member who (i) is already subject to an existing release that covers MMCC or the subject matter of this Agreement; (ii) is deceased as of the date of preliminary certification; (iii) has filed for bankruptcy protection under Title 11 of the United States Code on or after the start of the Class Period; or (iv) has timely and validly opted out of the Settlement Class as provided for in the Agreement, shall be excluded as a Participating Settlement Class Member.

(d)     "Settlement Class Period" or "Class Period" shall mean the period of time between December 4, 2013 (one year prior to the date of the filing of the Complaint) through August 1, 2015.

(e)     "Allocation Formula" shall mean the formula for the distribution of the Settlement Fund amongst the Participating Settlement Class Members, which the Parties shall seek approval from the Court.

(f)     "Case Contribution Award" shall mean the amount, if any, awarded by the Court, in its sole discretion, to the Representative Plaintiff in recognition of her efforts in and assistance with prosecuting the Settlement Class Members' claims.

(g)     "Claim Form" shall mean the document distributed to Settlement Class Members substantially in the same form as Exhibit "D" attached hereto, as part of the Notice Packet.

(h)     "Claims Administration Costs" shall mean any and all costs incurred by the Settlement Administrator in administering this Settlement.  This includes, but is not limited to, all costs related to the creation and maintenance of the Settlement Fund, dissemination of Notice, establishment and maintenance of a website for this Settlement, receipt and review of Claim Forms and requests for exclusion, calculation and disbursement of the Settlement's proceeds, and preparing a declaration for submission to the Court indicated the work the Settlement Administrator performed

with respect to this Settlement.

(i)     "Court" shall mean the court where the Lawsuit was filed, the United States District Court for the Eastern District of Pennsylvania.

(j)     "Defendant" or "MMCC" shall mean Merchants & Medical Credit Corporation.

(k)     "Defense Counsel" shall mean Charity A. Olson of Olson Law Group, 2723 S. State St., Suite 150, Ann Arbor, MI 48104.

(l)     "Effective Date" shall mean the third business day after (i) the lapse of the time for appeal of the Final Approval Order (defined below) without any appeal having been taken; or (ii) both (1) the affirmance on appeal of the Final Approval Order without modification or the dismissal of any appeal of the Final Approval Order, and (2) the termination of any further right of appellate review.

(m)     "FDCPA" shall mean the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*

(n)     "Final" shall mean the later of:

   (1)     The time for seeking rehearing or reconsideration and/or appellate review has expired; or

   (2)     If rehearing, reconsideration, or appellate review is sought, after any and all avenues of rehearing, reconsideration and appellate review have been exhausted and no further rehearing, reconsideration, or appellate review is permitted, or the time for seeking such review has expired and the Final Approval Order has not been modified, amended, or reversed in any way.

   (3)     "Appellate review" includes review by the United States Court of Appeals for the Third Circuit and/or the United States Supreme Court.

(o)     "Final Approval Hearing" shall mean a hearing held by the Court on such day and at such time as may be designated by the Court for the purpose of determining whether the Settlement should be finally approved by the Court as fair, reasonable, and adequate to the Settlement Class.

(p)    "Final Approval Order" shall mean an order entered by the Court which approves the fairness, reasonableness, and adequacy of this Settlement Agreement after hearing on the Motion for Final Approval.

(q)    "Notice" or "Class Notice" shall mean the "Notice of the Proposed Settlement" substantially in the same form as Exhibit "C" attached hereto.

(r)    "Notice Packet" shall mean the Notice and the Claim Form.

(s)    "Opt-Out Individual" shall mean a Settlement Class Member who submits a timely request for exclusion and who does not revoke that request in writing at least ten (10) days prior to the Final Approval Hearing.  An Opt-Out Individual shall, upon entry of the Final Approval Order, no longer be considered a Settlement Class Member and the rights, responsibilities, benefits, and releases set forth in this Agreement shall not apply to them.

(t)    "Parties" shall mean and refer to the Representative Plaintiff and MMCC.

(u)    "Plaintiff" or "Representative Plaintiff" shall mean Susan Ebner.

(v)    "Preliminary Approval Order" shall mean the order entered by the Court preliminarily approving the terms and conditions of this Settlement Agreement, including among other things the manner and timing of providing notice to the Settlement Class, the time period for opting out and/or filing objections, and the date for hearing of the Motion for Final Approval.  The Parties will submit to the Court a proposed form of Preliminary Approval Order substantially in the form attached hereto as Exhibit "A."

(w)    "Preliminary Approval" shall mean that the Court has entered a Preliminary Approval Order.

(x)    "Settlement Class" shall mean collectively the Settlement Class Members.  For purposes of effectuating this Settlement only, Defendant shall stipulate and agree that the Settlement Class meets the requirements of Fed.R.Civ.P. 23(a) and (b)(3) and, accordingly, may be certified as a class.

(y)     "Settlement Class Counsel" shall mean Arkady "Eric" Rayz, of the law firm, Kalikhman & Rayz, LLC, 1051 County Line Road, Suite "A," Huntingdon Valley, PA 19006 and Gerald D. Wells, III, of the law firm, Connolly Wells & Gray, LLP, 2200 Renaissance Blvd., Suite 308, King of Prussia, PA 19406.

(z)     "Settlement               Administrator"         shall         mean _____.

(aa)    "Settlement Fund" shall mean the sum of $29,000.00, as described more fully and itemized in paragraph 4 of this Settlement Agreement, which sum shall be transferred by MMCC to the Settlement Administrator within thirty (30) days of the entry of a Preliminary Approval Order.  The Settlement Fund may be administered by the Settlement Administrator pending final approval of the Settlement.  No amounts in the Settlement Fund shall revert to the MMCC. The Settlement Fund may not be used to pay any costs of Notice or fees or costs incurred by the Settlement Administrator, all of which shall be paid by MMCC separate and apart from the Settlement Fund.

(bb)    "Subject Matter" shall mean the ability to view the Settlement Class Member's account number  through the glassine window of any collection letter sent by Defendant during the Class Period.

(cc)    "Website Information" shall mean the website established and maintained by the Settlement Administrator.  On said website, after entry of the Preliminary Approval Order, the Settlement Administrator shall post information related to this Settlement.  Said information shall remain available on the website until thirty (30) days after entry of the Final Approval Order.

(dd)    The Parties stipulate and agree that the plural of any defined term includes the singular, and the singular of any defined term includes the plural, as the case may be.

2.     The Parties will submit to the Court a Preliminary Approval Order substantially in the form attached hereto as Exhibit "A," preliminarily certifying, for settlement purposes only, the Settlement Class as defined above; certifying Susan Ebner as Representative Plaintiff; and, certifying her counsel, Arkady "Eric" Rayz, of the law firm, Kalikhman & Rayz, LLC, 1051 County Line Road, Suite "A," Huntingdon Valley, PA 19006 and Gerald D. Wells, III, of the law firm, Connolly Wells & Gray, LLP, 2200 Renaissance Blvd., Suite 308, King

of Prussia, PA 19406, as counsel to the Representative Plaintiff and the Settlement Class.

3.    (a)    The Preliminary Approval Order shall require that a Notice Packet shall be sent to each Settlement Class member as determined by the last known mailing address, if any, reflected in MMCC's records as of the date submitted to the Settlement Administrator.  MMCC shall provide a list of the last known mailing addresses reflected in their records to the Settlement Administrator within fifteen (15) business days after the Court's entry of the Preliminary Approval Order.  The mailing of the Notice shall be handled by the Settlement Administrator in accordance with its regular procedures for updating addresses and mailing notices.

(b)    The Preliminary Approval Order shall provide that Notice Packet may be sent directly to the members of the Settlement Class, whether or not such members of the Settlement Class are, or have been, represented by counsel in connection with the pursuit and/or litigation by, or on behalf of MMCC of claims against such members of the Settlement Class, or in connection with the pursuit and/or litigation of individual claims by such members of the Settlement Class against MMCC for any claims asserted therein, and irrespective of whether or not any members of the Settlement Class have ever been or are in bankruptcy and/or have been discharged of any or all debts in bankruptcy, have disputed any debt and/or requested that MMCC cease and desist from collection activity or otherwise not contact them, and irrespective of any and all other reasons which any member of the Settlement Class has asserted, could presently assert or could assert in the future, not to be sent or receive the Notice Packet directly.

4.    The terms of the Settlement include an agreement by MMCC to pay the following amounts:

(a)    The sum of twenty-nine thousand dollars ($29,000.00) for the benefit of the Settlement Class.  Payment of such sum to members of the Settlement Class shall be made on a claims-made basis to those members who submit valid and timely Claim Forms ("Claiming Settlement Class Members").  The above referenced sums shall be divided equally among all such Claiming Settlement Class Members, capped at $1,000 per Claiming Settlement Class Member.  However, it is understood that the amount of payment to Claiming Settlement Class Members will likely be considerably less than $1,000 per Claiming Settlement Class Member.  It is further understood that, although a member of the Settlement Class, Plaintiff shall not receive her portion of the twenty-nine thousand dollars ($29,000.00).

(b)     The sum of one thousand dollars ($1,000.00) in full and final settlement of the individual claims of the Representative Plaintiff and as to any all other claims that the Representative Plaintiff may have against MMCC from the beginning of time to the date of final approval of the class settlement

(c)     Separate and apart from the Settlement Fund, MMCC shall pay the total sum of forty-two thousand five hundred dollars ($42,500.00) to the law firm of Kalikhman & Rayz, LLC, one of the Settlement Class Counsel, for attorneys' fees and costs incurred serving as Settlement Class Counsel, subject to the approval of the Court.  Should the Court require Settlement Class Counsel to submit a petition for attorneys' fees and costs, MMCC agrees not to object to or oppose any such application so long as it does not exceed $42,500.00.  Should the Court, in its sole discretion, deem it appropriate, the Court may award up to $2,500.00 of the $42,500.00 to the Representative Plaintiff as a Case Contribution Award.  Settlement Class Counsel agrees not to seek more than $2,500.00 as a Case Contribution Award.  MMCC has agreed to neither object to nor oppose any such application.

(d)     Separate and apart from paying the sums constituting the Settlement Fund, and the fees and costs approved by the Court, MMCC shall also pay all costs of notice to the Settlement Class and all costs associated with the Settlement, including Claims Administration Costs.  Further, MMCC shall pay all costs incurred in complying with the requirements of the Class Action Fairness Act ("CAFA Notice").  Under no circumstances shall any costs associated with the administration of this Settlement or CAFA Notice be deducted from the Settlement Fund.

5.     The terms of the settlement also require MMCC to provide a declaration (i) indicating that one percent of its tangible net worth, the measure of net worth under the FDCPA, is no greater than twenty-nine thousand dollars as of March 31, 2015, and (ii) for all collection letters mailed in the Third Circuit, that MMCC has modified its practice regarding the printing of any account number that is visible through the glassine window of its collection letters for a period of five (5) years from the Effective Date, unless the holding of *Douglass v. Convergent Outsourcing*, 765 F.3d 299 (3d Cir. 2014) related to the Subject Matter of the Lawsuit is reversed or supplanted by contrary, precedential authority.

6.     The terms of the settlement include the following releases:

(a)     Plaintiff and each Settlement Class member who has not effectively opted out of the Settlement by submitting a timely and valid request for exclusion shall forever release and discharge MMCC, its representatives, fiduciaries, directors, officers, members, partners, attorneys, employees, insurers, reinsurers, and its predecessors-in-interest, successors-in-interest and assigns, from any and all FDCPA claims or causes of action arising from, related to, or resulting from the Subject Matter of the Lawsuit during the Class Period.

(b)     MMCC shall forever release and discharge Plaintiff, her present and former attorneys, heirs, agents, successors, and assigns, from any and all causes of action, claims, and demands of any nature whatsoever, asserted or unasserted, arising out of, or relating in any way to, the institution, prosecution, or resolution of Lawsuit.

(c)     Nothing in this Settlement Agreement shall in any manner be construed to reduce the amount of any debts claimed to be owed by Plaintiff or any Settlement Class Member to any creditor.  In addition, nothing in this Settlement Agreement shall be construed in any way to limit, impair, prevent, or otherwise interfere with the right of anyone, including MMCC or any creditor or collector, to collect the underlying debt that gave rise to the sending of collection letters which are the basis of the Subject Matter of this Lawsuit.

(ii) Nothing in this Settlement Agreement shall be construed to preclude any claims which might arise after the end of the Class Period as to the Subject Matter of this Lawsuit or with regard to any other claims by a Settlement Class Member that are not expressly released herein.

7.     Any Settlement Class member may request not to participate in the Settlement by mailing a timely "Request for Exclusion" to the Settlement Administrator postmarked no later than thirty (30) days after the date of mailing of the Notice.  The "Request for Exclusion" shall be a signed written statement bearing the full name, address, telephone number, and signature of the Settlement Class member and requesting his/her exclusion from the Settlement Class.

(a)     Any Settlement Class Member who submits a timely request for exclusion and who does not revoke that request in writing

at least ten (10) days prior to the Final Approval Hearing is an "Opt-Out Claimant." An Opt-Out Claimant is deemed to have waived any and all claims to any part of the Settlement Fund. Should more than five percent (5%) of the Settlement Class Members submit a timely request for exclusion, MMCC may declare this Settlement Agreement null and void at any time prior to the Final Approval Hearing. In that event, the Parties shall be restored to their respective positions as of the date prior to which an agreement in principle to settle this action was reached, and the terms of this Settlement Agreement shall have no further force or effect. The Parties further agree to meet and confer and present to the Court a proposed discovery schedule.

(b)     A Settlement Class member who submits a timely request for exclusion, but who thereafter revokes that request for exclusion in writing at least ten (10) days prior to the Final Approval Hearing will be deemed to be a Settlement Class Member and not an Opt-Out Claimant.

(c)     A Settlement Class Member who does not timely opt out of the Settlement Class, or who fails to properly opt out of the Settlement Class, remains a Settlement Class Member and shall be bound by any order(s) of the Court regarding the Settlement Class.

(d)     The Representative Plaintiff agrees, for the purpose of effectuating this Settlement, she shall be considered a Participating Settlement Class Member, not to request exclusion, not to object to the Court's approval of this Settlement Agreement, and affirmatively to support final judicial approval of this Settlement Agreement. Notwithstanding the foregoing, Plaintiff shall only be entitled to receive those sums outlined in Paragraph 4 of this Agreement and/or as awarded by the Court.

8.     Any Settlement Class member who wishes to object to the fairness, reasonableness or adequacy of this Settlement Agreement or the settlement must file with the Clerk of the Court and serve on the law firm of Kalikhman & Rayz, LLC, c/o Arkady "Eric" Rayz, 1051 County Line Road, Suite "A," Huntingdon Valley, PA 19006 and Olson Law Group, c/o Charity A. Olson, 2723 S. State St., Suite 150, Ann Arbor, MI 48104, no later than sixty (60) days after the date of mailing of the Notice, a written and signed statement, stating such objection(s) as he or she may have as well as the specific reason(s), if any, for each objection, including any legal support the Settlement Class Member wishes to bring to the Court's attention and any evidence the

Settlement Class Member wishes to introduce in support of the objection. In addition, any Settlement Class Member who wishes to object must provide his or her name and address in such written objection. A Settlement Class Member may object through any attorney hired at his or her own expense. If a Settlement Class member hires an attorney to represent him or her, the attorney must:

(a) File a notice of appearance with the Clerk of Court no later than sixty (60) days after the date of Notice or as the Court may otherwise direct, and

(b) Serve a copy of such notice of appearance on Kalikhman & Rayz, LLC, c/o Arkady "Eric" Rayz, 1051 County Line Road, Suite "A," Huntingdon Valley, PA 19006 and Olson Law Group, c/o Charity A. Olson, 2723 S. State St., Suite 150, Ann Arbor, MI 48104, within the same time period.

9. Any Settlement Class Member who files and serves a written objection, as described herein, may appear at the Final Approval Hearing to object to the fairness, reasonableness, or adequacy of this Settlement Agreement or the settlement. Any Settlement Class Member (or attorney) who fails to comply with the provisions of this paragraph and the preceding paragraphs shall waive and forfeit any and all rights or objections the Settlement Class Member may have in this or in any other action or proceeding, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the litigation.

10. To fulfill the obligations of MMCC hereunder:

(a) The total sum of twenty-nine thousand dollars ($29,000.00) (the "Settlement Fund") shall be transferred by MMCC or its insurer to the Settlement Administrator within thirty (30) - days of the entry of the Preliminary Approval Order. Said sum shall be deposited into an interest bearing account. The Settlement Fund may be administered by the Settlement Administrator only upon final approval of the settlement. Any interest accrued thereon shall be for the sole benefit of the Participating Settlement Class Members.

(b) Within fifteen (15) days of the entry of the Preliminary Approval Order, MMCC shall supply the Settlement Administrator and Settlement Class Counsel with the names and last known addresses of the Settlement Class Members as reflected in MMCC's records.

11. After the Effective Date, the Settlement Fund shall be closed and

the proceeds paid by the Settlement Administrator in accordance with the Allocation Formula approved by the Court.  The Parties stipulate and agree that Allocation Formula shall, to the extent practical, divide the Settlement Fund *pro rata* amongst the Participating Settlement Class Members.  To the extent that any funds remain after distribution to the Participating Settlement Class Members, including funds covered by returned checks and checks not cashed within ninety (90) days from mailing, such remaining funds shall be paid as a *cy pres* distribution, the recipient of which shall be determined by the Court. Under no circumstances shall any portion of the Settlement Fund revert to MMCC.

12.   Except as otherwise ordered by the Court, a Participating Settlement Class Member who fails to cash his or her settlement check within ninety (90) days from the date the check is mailed, shall be forever barred from receiving any payments pursuant to the Settlement set forth herein, but will in all other respects be subject to and bound by the provisions of this Settlement Agreement, the settlement, the releases contained herein, and the Final Approval Order.

13.   All duties relating to notice and administration of the settlement and all administrative duties in connection with the printing and mailing of Notice, receiving and compiling the Notice's claim forms, objections and requests for exclusion submitted by the Settlement Class, distribution of checks to the Participating Settlement Class Members, providing copies of completed Notice's claim forms to Defense Counsel, providing a certification referred to in Paragraph 14, below, and all other aspects of claims and settlement administration shall be handled by the Settlement Administrator and costs and expenses associated therewith shall be the sole obligation of MMCC. The Representative Plaintiff, Settlement Class Counsel, and the Settlement Fund will have no obligations or responsibilities in connection with costs of notice or claims administration.

14.   The Settlement Administrator shall be responsible for distributing the amounts agreed by the Parties to be paid to the Participating Settlement Class Members pursuant to the terms of the Agreement and shall provide a final, certified report setting forth an accounting to Settlement Class Counsel, Defense Counsel, and to the Court for such payments.   In addition, the Settlement Administrator shall submit a declaration to the Court identifying (i) the total mailings, (ii) the total Notices that were undeliverable, (iii) the number of Opt-Out Individuals and (iv) the number of Claims Forms returned (timely, incomplete and untimely) at least ten (10) days prior to the Final Approval Hearing.

15.   The administration of the Settlement and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of, and

determination by, the Court.  The Court will retain continuing jurisdiction over the Settlement Fund and over any disputes, questions, or issues arising out of, or in any way relating to, the disposition or allocation of the Settlement Fund.

16.     The Notice Packet, which shall be mailed by the Settlement Administrator to all Settlement Class Members, shall include a form of notice which shall state, among other things, that:

(a)     The total sum of twenty-nine thousand dollars ($29,000.00) has been paid into the Settlement Fund to settle all claims asserted in the Lawsuit and that this amount represents not less than one percent (1%) of MMCC's net worth, which is the maximum available recovery to the Settlement Class under the law;

(b)     The Settlement Fund will be used to pay the sums described in paragraph 4(a) above;

(c)     The individual settlement of $1,000 to Plaintiff, as set forth in paragraph 4(b) of this Settlement Agreement, shall be paid by the MMCC and/or its insurer separate and apart from the Settlement Fund;

(d)     The Plaintiff's request for payment of attorneys' fees and costs plus any Case Contribution Award, as set forth in paragraph 4(c) of this Agreement and as approved by the Court, shall be paid by the MMCC and/or its insurer separate and apart from the Settlement Fund;

(e)     The costs of Notice and claims administration, as set forth in paragraph 4(d) of this Settlement Agreement, shall be paid by MMCC and/or its insurer separate and apart from the Settlement Fund;

(f)     The Website Information for Settlement Class Members to obtain additional information regarding the Settlement; and

(g)     That the Settlement does not prevent any claims which might arise in the future as a result of future conduct by MMCC or any other individual or entity as to the Subject Matter of this Lawsuit or with regard to any other claims.

17.     The Final Approval Order shall, among other things, include:

(a)     Language that will serve to dismiss with prejudice the Lawsuit and will include the appropriate recitation of

releases set forth in this Settlement Agreement;

(b)  A recitation that in no event does this Settlement Agreement prevent any claims which might arise as a result of future conduct by MMCC or any other individual or entity as to the Subject Matter of this Lawsuit or with regard to any other claims, nor prevent MMCC or any other individual or entity from defending against any such allegations; and

(c)  Language dismissing the Lawsuit with prejudice, subject to the conditions set forth in this Agreement.

18.  As soon as practicable after the execution of this Settlement Agreement, Settlement Class Counsel shall request the Court to enter the Preliminary Approval Order which:

(a)  Preliminarily approves the terms of the settlement provided for in this Agreement as being fair, reasonable, and adequate to the Settlement Class;

(b)  Directs that a Final Approval Hearing be held by the Court on such day and at such time as may be designated by the Court for the purpose of determining whether the settlement should be finally approved by the Court as fair, reasonable, and adequate to the Settlement Class, *but in no event less than one hundred (100) days from the date of the issuance of the Preliminary Approval Order.*

(c)  Approves the form of Notice Packet (collectively, Exhibits C and D) with such changes, if any, as shall be acceptable to both Settlement Class Counsel and Defense Counsel;

(d)  Directs that the Settlement Administrator shall send a copy of the Notice with the Claim Form by first-class mail, addressed to each Settlement Class Member at his or her last known address as reflected in MMCC's records, within thirty (30) days of the entry of the Preliminary Approval Order;

(e)  Requires that any Settlement Class Member who wishes to object to the settlement, to the application for an award of attorneys' fees, to the application for reimbursement of litigation expenses, or to the application for a settlement award to the Representative Plaintiff must do so by filing a

written objection no later than sixty (60) days from the date listed on the Notice and must serve copies of such objections by mail to Settlement Class Counsel and Defense Counsel; and

(f)     Contains such other provisions as required by the Court or as the Parties may agree.

19.     The parties shall submit to the Court the form of Preliminary Approval Order attached hereto as Exhibit "A," which they agree fulfills the requirements of the foregoing paragraph.   Entry of a Preliminary Approval Order substantially in the form of Exhibit "A," shall be a condition of the Settlement.   Any material changes to the Preliminary Approval Order must be acceptable to both Settlement Class Counsel and Defense Counsel.   Failure of the Court to enter such a Preliminary Approval Order shall give rise to the consequences set forth in paragraph 22, hereof.

20.     At the time the Court considers the Preliminary Approval Order, the Parties will request that the Court set a hearing for Final Approval of this Settlement.   In no event shall the hearing for Final Approval be scheduled less than one hundred (100) days from the date of the Preliminary Approval Order – to afford compliance with the Class Action Fairness Act notice requirements. At the hearing for Final Approval of the Settlement, the Parties shall request the Court to enter a Final Approval Order substantially in the form of Exhibit "B" hereto, which:

(a)     Approves this Settlement Agreement as fair, reasonable, and adequate, and directs the parties to consummate the Settlement in accordance with the terms of this Settlement Agreement;

(b)     Dismisses the Lawsuit with prejudice and without costs, except as otherwise set forth in this Agreement;

(c)     Permanently bars the Representative Plaintiff and the Settlement Class Members from bringing any claim, action, or cause of action against MMCC that has been released or dismissed under this Settlement Agreement or the Final Approval Order;

(d)     Permanently bars MMCC from bringing any claim, action, or cause of action against Plaintiff, her attorneys, and/or Settlement Class Counsel released under this Settlement Agreement or through the Final Approval Order;

(e)     Finds that Notice has been directed to all persons meeting

the Settlement Class definition in accordance with the requirements of due process and the Federal Rules of Civil Procedure;

(f)     Approves an award of attorneys' fees and reimbursement of expenses to counsel to the Representative Plaintiff and the Settlement Class, in amounts to be determined by the Court, but not to exceed the amounts set forth in Paragraph 4(c) of this Agreement;

(g)     Approves an individual settlement award of one thousand dollars ($1,000.00) to the Representative Plaintiff and, subject to the Court's approval;

(h)     Approves, if any, Case Contribution Award to the Representative Plaintiff, which shall be drawn from the attorneys' fees award as outlined in Paragraph 4(c);

(i)     Provides that nothing contained in this Settlement Agreement shall be construed in any way to limit, impair, prevent, or otherwise interfere with the right of MMCC or any creditor to utilize any lawful, equitable or contractual means in an effort to collect all such debts and owed by the Settlement Class members.

(j)     Retains continuing jurisdiction for purposes of supervising the implementation of the Settlement and supervising the distribution and allocation of the Settlement Fund;

(k)      Finds that the Representative Plaintiff, each Settlement Class member, and the MMCC shall be bound by this Settlement Agreement; and

(l)     Contains such other provisions as the Parties may agree.

21.     The Parties shall submit to the Court a draft Final Approval Order substantially in the form of Exhibit "B" attached hereto, which they agree fulfills the requirements of the foregoing paragraph.  Entry of a Final Approval Order substantially in the form of Exhibit "B" shall be a condition of the Settlement.   Any material changes to the Final Approval Order must be acceptable to both Settlement Class Counsel and Defense Counsel.  Failure of the Court to enter such a Final Approval Order shall give rise to the consequences set forth in paragraph 22, hereof.

22.     If the Court does not enter the Preliminary Approval Order, then the Settlement shall be terminated, this Settlement Agreement and other

papers submitted in connection with this Settlement Agreement shall not be offered or received in evidence in any proceeding and shall not constitute an admission of any matter, all findings and determinations made pursuant hereto shall be null and void, all parties shall stand in the same position as if this Settlement Agreement and any proceedings under it had not occurred, and this Settlement Agreement shall be of no further force and effect, except that the provisions of this paragraph shall survive. In addition, if the Court does not enter the Preliminary Approval Order, MMCC expressly reserves all rights and defenses to the claims asserted by the Plaintiff and the Settlement Class, including but not limited to the right to contest or otherwise oppose any Motion for Class Certification.

23.   In the event the Court determines not to enter a Final Approval Order in accordance with all of the terms of this Settlement Agreement, or the Final Approval Order does not for any reason become Final as defined in this Settlement Agreement, the Parties shall proceed as follows:

(a)   If the Court declines to enter the Final Approval Order as provided for in this Settlement Agreement, the Lawsuit will resume unless the Parties mutually agree to: (i) seek reconsideration or appellate review of the decision denying entry of the Final Approval Order, or (ii) attempt to renegotiate a settlement and seek Court approval of the renegotiated settlement.

(b)   In the event any such reconsideration and/or appellate review is sought and denied, the Parties shall have no further rights or obligations under this Agreement.

(c)   It shall not be deemed a failure to enter the Final Approval Order for the Court to deny, all or in part, the attorneys' fees and cost award requested by Settlement Class Counsel. However, the Parties stipulate and agree that Plaintiff and Settlement Class Counsel expressly do not waive any right to appeal the Court's decision on fees and costs.

24.   It is expressly agreed and understood that this Settlement Agreement does not constitute an admission by any party and may not be admitted in evidence in any action involving any party except an action to enforce its terms.

25.   This Settlement Agreement may be executed in separate counterparts, and execution in one or more counterparts shall have the same force and effect as if all parties had signed the same instrument.  If any provision of this Settlement Agreement is held by a court of competent jurisdiction to be void, voidable, unlawful, or unenforceable, the remaining

portions of this Agreement will remain in full force and effect. The Parties acknowledge that the recitals to this Settlement Agreement are part of this Settlement Agreement. The Parties further acknowledge the accuracy of the recitals to the best of their knowledge.

26.    Notwithstanding any provision of this Settlement Agreement to the contrary, in the determination of whether any person is a member of the Settlement Class and entitled to a distribution from the Settlement Fund, the records of MMCC shall be conclusive to the extent that relevant information is contained therein.

27.    This Settlement Agreement shall be binding on, and inure to the benefit of, the Representative Plaintiff, all members of the Settlement Class and MMCC.

28.    Except as otherwise set forth in this Settlement Agreement, the Parties and their counsel of record agree not to issue any press release, convene any press conference, cause any information to be entered on any website, or to otherwise initiate any oral, written, e-mail or other electronic communication, or initiate publicity with newspapers, publications, or other media concerning the allegations in the Lawsuit and/or the terms of this Settlement Agreement. Notwithstanding the foregoing, Settlement Class Counsel may indicate on their respective firm websites that this matter was resolved and indicate the terms of the Settlement, including those contained in paragraphs 5 and 16.

29.    The material terms of this Settlement Agreement may be amended or modified only by a written instrument signed by or on behalf of all Parties or their successors-in-interest.

30.    Except as provided herein, this Settlement Agreement constitutes the entire agreement among the Parties, and no representations, warranties, or inducements have been made to any Party concerning the Settlement Agreement other than the representations, warranties and inducements contained and memorialized in this Settlement Agreement.

31.    Any dispute relating to this Settlement Agreement or Final Approval Order shall be resolved exclusively in the U.S. District Court for the Eastern District of Pennsylvania, which Court shall retain exclusive jurisdiction and venue with respect to the consummation, implementation, enforcement, construction, interpretation, performance, and administration of the Agreement and/or Judgment. The Parties agree to submit to the exclusive jurisdiction and venue for the purposes described above.

32.    All Parties have participated in the drafting of this Settlement Agreement and, accordingly, any claimed ambiguity should not be

presumptively construed for or against any of the Parties.

33.    Any party may execute this Settlement Agreement by signing their name on the designated signature block below, and transmitting that signature page via facsimile or as a pdf attachment to an email to all counsel.  Any signature made and transmitted by facsimile or electronic mail for the purpose of executing this Settlement Agreement, shall be deemed an original signature for purposes of this Settlement Agreement, and shall be binding upon the Party transmitting their signature by facsimile.

IN WITNESS WHEREOF, the parties and their counsel have caused this Settlement Agreement to be duly executed as of the date first above written.

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

MERCHANTS & MEDICAL                SUSAN EBNER
CREDIT CORPORATION

_____        _____
Name                               Name

_____        _____
Title                              Date

_____
Date

APPROVED AS TO FORM:               APPROVED AS TO FORM:

_____        _____
Charity A. Olson                   Arkady "Eric" Rayz
*Counsel for Defendant*            *One of the attorneys for Plaintiff*
                                   *and the Settlement Class*

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SUSAN EBNER, individually and on behalf of all others similarly situated,<br><br><div align="center">*Plaintiff*,</div><br><br><div align="center">v.</div><br><br>MERCHANTS & MEDICAL CREDIT CORP., *et al*.,<br><br><div align="center">*Defendants*.</div> | CIVIL ACTION<br>NO. 14-06882 |

**ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT**
**AND DIRECTING NOTICE TO THE CLASS**

The Court has been advised that the parties to this action, Susan Ebner (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the Settlement Class Members (as defined below), and Defendant Merchants & Medical Credit Corp. (hereinafter referred to as "MMCC"), have agreed, subject to Court approval, to settle the above-captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Settlement Agreement (hereinafter referred to as the "Agreement"). The Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

NOW, THEREFORE, based upon the Agreement and all of the records and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable and adequate, and that a hearing should and will be held to confirm that the Agreement and settlement are fair, reasonable and adequate, whether to grant class certification for purposes of settlement, and to determine whether a Final Approval Order should be

entered in this Lawsuit;

AND the Court, having reviewed Plaintiff's Motion for Preliminary Approval and supporting documentation, makes a preliminary determination that the Class may be certified under Fed. R. Civ. P. 23;

IT IS HEREBY ORDERED:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, MMCC shall promptly provide written notice of the proposed class settlement to the appropriate authorities.

3.      "Settlement Class Members" – Pursuant to Fed. R. Civ. P. 23(b)(3), the Court has made a preliminary determination of certification, for settlement purposes only, as a class action on behalf of the following class of individuals (hereinafter referred to as the "Settlement Class Members"):

> All persons located in (i) the Commonwealth of Pennsylvania, (ii) the State of New Jersey, or (iii) the State of Delaware according to their last known address in MMCC's records, from December 4, 2013 through August 1, 2015 (the "Class Period"), who received one or more letters from Defendant seeking to collect a consumer debt for which the MMCC account number was visible through the glassine window of the envelope.

4.      Preliminary Determination on Class Certification – The Court preliminarily determines that the Lawsuit satisfies the applicable prerequisites for class action treatment under Fed. R. Civ. P. 23, namely:

A.      There are approximately 5,012 members of the Class;

B.      The claims of the Class Representative are typical of those of the other

members of the Class;

C.      There are questions of fact and law that are common to all members of the Class which predominate over any questions affecting only individual members;

D.      The Class Representative will fairly and adequately protect the interests of the Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Class; and

E.      Class treatment of these claims is superior to other available methods for the fair and efficient adjudication of this controversy and will be efficient and manageable, thereby achieving judicial economy.

5.      The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, appears in all respects to be fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, in light of the benefits to the Settlement Class Members; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the FDCPA's statutory ceiling on any potential recovery for the Class.

6.      "Representative Plaintiff" and "Settlement Class Counsel" Appointment – Pursuant to Fed. R. Civ. P. 23, Plaintiff Susan Ebner is preliminarily appointed as the Representative Plaintiff for the Settlement Class Members and the law firms of Kalikhman & Rayz, LLC and Connolly Wells & Gray, LLP, are preliminarily appointed as counsel for the Settlement Class Members (hereinafter referred to as "Settlement Class Counsel").

7.      "Notice" – The Court approves the form and substance of the notice of proposed class action settlement, attached to the Agreement as Exhibit "C." The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and

conditions meet the requirements of Fed. R. Civ. P. 23(c)(2)(B) and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entitles entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights. _____, is appointed as the Settlement Administrator. In accordance with the Agreement, _____ shall cause the completed notices to be mailed to the Settlement Class Members not later than 30 days after the Court's entry of this Order, i.e., no later than _____.

8.     The Settlement Administrator is hereby ordered to send the Notice directly to the members of the Settlement Class, whether or not such members of the Settlement Class are, or have been, represented by counsel in connection with the pursuit and/or litigation by, or on behalf of MMCC of claims against such members of the Settlement Class, or in connection with the pursuit and/or litigation of individual claims by such members of the Settlement Class against MMCC for any claims asserted therein, and irrespective of whether or not any members of the Settlement Class have ever been or are in bankruptcy and/or have been discharged of any or all debts in bankruptcy, have disputed any  debt and/or requested that MMCC cease and desist from collection activity or otherwise not contact them, and irrespective of any and all other reasons which any member of the Settlement Class has asserted, could presently assert or could assert in the future, not to be sent or receive the Notice Packet directly.

9.     "Settlement Fund" – In order to receive a *pro rata* portion of the Settlement Fund, Settlement Class Members must complete and return the Claim Form to the Settlement Administrator, postmarked by _____.

10.     "Exclusions" – Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to _____ with a postmark date no

4

later than thirty (30) days from mailing of class notice, i.e., no later than

_____ .  To be effective, the written request for exclusion must include: the

Settlement Class Member's full name, address, telephone number and signature; and state that

the Settlement Class Member wishes to be excluded from the Settlement.  Any Settlement Class

Member who submits a valid and timely request for exclusion shall not be bound by the terms of

the Agreement.

11.    "Objections" – Any Settlement Class Member who intends to object to the

fairness of the settlement must file a written objection with the Clerk of this Court within sixty

(60) days from mailing of class notice, *i.e.*, by_____,  2016.    Further,  any  such

Settlement Class Member must, within the same time period, provide a copy of the written

objection to Class Counsel and counsel for MMCC.  In any written objection, the Settlement

Class Member must set forth his or her full name, address, telephone number and signature,

along with a statement of the reasons for his or her objection and whether he or she intends to

appear at the fairness hearing on his or her own behalf or through counsel. Any Settlement Class

Member who does not file a valid and timely objection to the settlement shall be barred from

objecting.

12.    "Final Approval" – The Court shall conduct a hearing (hereinafter referred to as

the "Final Approval Hearing") on _____, (at least 100 days from the date of the

preliminary approval order) in Courtroom _____, commencing at    _____ m., to

review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action

treatment for settlement purposes under Fed. R. Civ. P. 23;

B.    Whether the proposed settlement is fundamentally fair, reasonable,

adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

C.      Whether the Final Approval Order, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties as set forth in the Agreement; and

D.      To discuss and review Settlement Class Counsel's fees and expenses and any other issues as the Court deems appropriate.

13.      Attendance of the Settlement Class Members at the Fairness Hearing is not necessary. The Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Settlement Class Members wishing to be heard, however, are required to indicate in any written objection whether or not they intend to appear at the Fairness Hearing.  The Fairness Hearing may be postponed, adjourned, transferred or continued without further notice to the Settlement Class Members.

14.      "Supporting Memoranda" – Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than 14 calendar days prior to the Fairness Hearing.

15.      "Attorneys' Fees, Costs and Expenses" – No later than 14 calendar days prior to the Fairness Hearing, i.e., by _____ , 2016, Settlement Class Counsel shall file an application for attorney's fees, costs and expenses, as set forth in the Agreement. The Court will thereafter make a determination on Settlement Class Counsel's reasonable attorney's fees, costs and expenses to be paid by MMCC under 15 U.S.C. § 1692k.

16.      The Agreement and this Order shall be null and void if any of the following occur:

6

A.     If, prior to the Final Approval Hearing, the Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.     The Court rejects, in any material respect, the Final Approval Order substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of Order in lieu thereof;

C.     The Court rejects any component of the Agreement, including any amendments thereto approved by the Parties; or

D.     The Court approves the Agreement, including any amendments thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

17.     If the Agreement and/or this Order are voided per ¶ 16 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

18.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.

**IT IS SO ORDERED:**


_____
GERALD J. PAPPERT, U.S.D.J.

# EXHIBIT B

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| SUSAN EBNER, individually and on behalf of all others similarly situated,<br><br>      *Plaintiff*,<br><br>  v.<br><br>MERCHANTS & MEDICAL CREDIT CORP., *et al*.,<br><br>      *Defendants*. | CIVIL ACTION<br>NO. 14-06882 |

## <u>ORDER OF FINAL JUDGMENT</u>

Upon consideration of the Parties' request for final approval of the Settlement Agreement ("Agreement") between Plaintiff, Susan Ebner ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendant, Merchants & Medical Credit Corp. ("MMCC"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and MMCC.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3): All persons located in (i) the Commonwealth of Pennsylvania, (ii) the State of New Jersey, or (iii) the State of Delaware, according to their last known address in MMCC's records, from December 3, 2013 through August 1, 2015 (the "Class Period"), where said person received one or more letters from Defendant where the glassine window of the envelope displayed anything more than the name and address of the individual.

3. Based on the Parties' stipulations: (A) the Settlement Class as defined is sufficiently numerous such that joinder is impracticable; (B) common questions of law and fact

predominate over any questions affecting only individual Settlement Class members; (C) the Plaintiff's claims are typical of the Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate representative for the Class and her attorneys, Arkady "Eric" Rayz, of the law firm, Kalikhman & Rayz, LLC, 1051 County Line Road, Suite " A," Huntingdon Valley, PA 19006 and Gerald D. Wells, III, of the law firm, Connolly Wells & Gray, LLP, 2200 Renaissance Blvd., Suite 308, King of Prussia, PA 19406, are hereby appointed as Settlement Class Counsel; and (E) a class action is the superior method for the fair and efficient adjudication of the claims of the Settlement Class Members.

4.      The Court approved a form of notice for mailing to the Settlement Class. The Court is informed that actual notice was sent by first class mail to approximately 5,012 Settlement Class Members by _____, the third-party settlement administrator. A total of _____envelopes were returned by the United States Postal Service, _____of which were returned with forwarding addresses and re-mailed. _____ Settlement Class members requested exclusion, and _____objections were filed or received.

5.      On _____, 2016, the Court held a fairness hearing to which Settlement Class Members, including any with objections, were invited.  Excluded from the Settlement Class are those persons, identified in <u>Exhibit "A"</u> hereto, who timely and validly requested exclusion.

6.      The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7.      The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by

MMCC.  Upon the Effective Date, as that term is defined in the Agreement, MMCC, or its

insurer, shall make the following payments:

a) Twenty-nine thousand ($29,000.00) ("Settlement Fund") to be deposited with a settlement administrator to distribute *pro rata* among Settlement Class Members who did not exclude themselves and who returned a timely, valid claim form ("Participating Settlement Class Members"). Participating Settlement Class Members will receive a *pro rata* share of the Settlement Fund by check. Checks issued to the Participating Settlement Class Members will be void sixty (60) days from the date of issuance. If any portion of the Settlement Fund remains after the void date on the Participating Settlement Class Members' checks, these remaining funds will be distributed as set forth in the following paragraph.

b)  One thousand ($1,000.00) to Plaintiff as her individual statutory damage award.

c) $_____ to be paid to Class Counsel for attorneys' fees and costs. Class Counsel will not request additional fees or costs from MMCC.

d) Of the amount awarded to Class Counsel, $_____ shall be payable to Plaintiff as a Case Contribution Award in recognition of her efforts in prosecuting these claims on behalf of the class. No other amounts, other than those either awarded by this Court or otherwise set forth in the Agreement shall be payable to Plaintiff.

e) All costs incurred by the Settlement Administrator arising from or related to this Settlement.

8. This Court approves the individual and class releases set forth in the Parties'

Agreement, and the released claims are consequently compromised, settled, released, discharged,

and dismissed with prejudice by virtue of these proceedings and this order.

9. The Court finds the Agreement is fair and made in good faith.

10. Within thirty (30) days following the last void date of the Settlement Class

members' checks, any uncashed checks or undistributed funds will be paid by Settlement

Administrator, on behalf of the Settlement Fund, to the following *cy pres* recipient:

_____.

3

11.     The terms of the Agreement are incorporated into this order. This order shall operate as a final judgment and dismissal *without prejudice* of the claims in this action.

12.     The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this order.

13.     The Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this order.

14.     The Parties are hereby ordered to comply with the terms of the Agreement and this order.

**IT IS SO ORDERED:**


_____
GERALD J. PAPPERT, U.S.D.J.

# EXHIBIT C

**NOTICE OF PROPOSED CLASS ACTION SETTLEMENT**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

***SUSAN EBNER v. MERCHANTS & MEDICAL CREDIT CORP. et al.***

**OFFICIAL COURT NOTICE IMPORTANT – PLEASE READ CAREFULLY**

**YOUR RIGHTS MAY BE AFFECTED BY THE TERMS OF THIS PROPOSED SETTLEMENT.**

**A FEDERAL COURT AUTHORIZED THIS NOTICE. THIS IS NOT A SOLICITATION FROM A LAWYER.**

| 1. | Why is this notice being sent? |
|---|---|

This notice is to inform you of a Class Action Settlement in the case ***Ebner v. Merchants & Medical Credit Corp. et al.,*** Case No. 14-cv-06882-GJP, pending in the United States District Court for the Eastern District of Pennsylvania ("Lawsuit").

The Plaintiff Susan Ebner ("Plaintiff") in the Lawsuit filed suit against Merchants & Medical Credit Corp. ("MMCC"), alleges violations of the Fair Debt Collections Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* The Plaintiff seeks to represent a class of individuals in Pennsylvania, New Jersey, and Delaware who received one or more letters from MMCC between December 3, 2013 through August 1, 2015 who received one or more letters from Defendant seeking to collect a consumer debt for which the MMCC account number was visible through the glassine window of the envelope. According to MMCC's records, you were a recipient of one or more letters. The Plaintiff alleged that the letters violated the FDCPA. MMCC denied the material allegations in Plaintiff's Complaint, denied that its actions violated state or federal law in any manner, and denied that it is liable in any way to Plaintiff or the class she seeks to represent.

After extensive negotiations, the Parties (Plaintiff and Defendant) have reached a settlement of the Lawsuit (the "Settlement Agreement"). The Court has granted preliminary approval of the Settlement and has scheduled a hearing on_____ at_____in_____to determine whether to grant final approval.

**IF YOU ARE ONE OF THE INDIVIDUALS DESCRIBED IN THIS NOTICE WHO IS AFFECTED BY THE PROPOSED SETTLEMENT, YOU MAY BE ELIGIBLE TO RECEIVE MONEY FROM THIS SETTLEMENT. <u>TO RECEIVE ANY MONEY TO WHICH YOU MAY BE ENTITLED, YOU MUST COMPLETE AND SUBMIT THE ENCLOSED "CLAIM FORM" TO THE CLAIMS ADMINISTRATOR, _____ (THE "CLAIMS ADMINISTRATOR") BY [DATE 60 DAYS AFTER MAILING]. PLEASE SEE THE ATTACHED FORM FOR ADDITIONAL INFORMATION.</u>**

| 2. | Who is affected by the proposed Settlement? |
|---|---|

The Lawsuit was filed as a class action. In a class action, one or more people called "class representatives" (here, Plaintiff Susan Ebner) sue on behalf of people who allegedly have similar claims. This group is called a "class" and the persons included are called "class members." One court resolves the issues for all of the class members, except for those who exclude themselves from the class. Here, the Court has certified a class action for settlement purposes only.

The Plaintiff is serving as the Class Representative for a settlement class of approximately 5,012 individuals who resided in Pennsylvania, New Jersey, or Delaware and who received one or more of the letters from MMCC between the dates of December 3, 2013 and August 1, 2015.

This Settlement does not prevent any claims which might arise in the future and only resolves the claims set forth in the Lawsuit. Further, this Settlement does not affect any underlying debt you may owe which was the subject of the letter(s) you received from MMMC between the dates of December 3, 2013 and August 1, 2015.

| 3. | What is this case about? |
|---|---|

Plaintiff brought the Lawsuit claiming that the letters violated the FDCPA. Specifically, Plaintiff alleged that the letters were communications from a debt collector that did not meet the requirements of the FDCPA, as the letters contained information visible through the glassine windowed envelope other than the individual's name and address.  MMCC, on the other hand, maintains that its letters did not violate the FDCPA.

The parties in this Litigation disagree as to the probable outcome of the Lawsuit with respect to all issues if it were not settled. While the Plaintiff was prepared to proceed with litigating the case described above, the Plaintiff recognizes that litigating is a risky proposition and that she may not have prevailed on any or all of her claims.  MMCC expressly denies any wrongdoing or legal liability arising out of any of the claims alleged in the Lawsuit and has asserted strong defenses to the Plaintiff's claims.

This Settlement is the result of good-faith, arms-length negotiations between the Plaintiff and MMCC, through their respective attorneys. Both sides agree that, in light of the risks and an expense associated with continued litigation, this Settlement is fair and appropriate under the circumstances, and in the best interests of the Settlement Class.

| 4. | What are my options? |
|---|---|

You have four options with regard to this Settlement. You can: 1) participate in the Settlement in full by filing the enclosed Claim Form; 2) object to the Settlement; 3) exclude yourself from the Settlement by mailing a request to opt out; or 4) do nothing. Details about each option and how each option will affect your rights under the law are explained below.

| 5. | What are the terms of the proposed Settlement? |
|---|---|

While it denies any liability whatsoever, under the Settlement Agreement, MMCC will pay the maximum amount in alleged statutory damages permitted under the FDCPA to participating settlement class members, which is Twenty-Nine Thousand Dollars ($29,000.00), into a settlement fund (the "Settlement Fund") to settle the Lawsuit. This amount is the maximum amount the Class can recover against MMCC under the FDCPA. The Settlement Fund will be deposited into a qualified settlement account to cover all payments to participating settlement class members.

As part of the Settlement, Defendant has agreed to pay attorneys' fees and litigation costs (as may be awarded by the Court but not to exceed $42,500.00; all settlement administration costs; and a Case Contribution Award to the Plaintiff for bringing and prosecuting the Lawsuit (as may be awarded by the Court but not to exceed $1,500.00. Accordingly, the payment of attorneys' fees, litigation costs, settlement administration costs, and any Case Contribution Award will not diminish the value of the Settlement Fund.

The Settlement Fund will be divided amongst the Settlement Class Members who elect to participate in the Settlement by timely submitting valid Claim Forms ("Participating Class Members"). The exact amount to be received by each Participating Settlement Class Member cannot be determined until the final number of Participating Settlement Class Members has been identified.  The Fund will be divided *pro rata* among all Participating Settlement Class Members.

The maximum amount any Participating Settlement Class Member can receive is $1,000, which is the statutory damages cap for an individual under the FDCPA.    In the event that all Settlement Class Members become Participating Class Members, the minimum a Participating Settlement Class Member shall receive is approximately $_____. The exact amount each Participating Class Member will receive can only be ascertained after the Court determines how many individuals submitted completed valid and timely Claim Forms.

In addition to the amount paid to the Settlement Fund, MMCC has agreed to pay Plaintiff Ebner One Thousand Dollars ($1,000), which represents her individual claimed statutory damages in this case, as an Individual Settlement of her claims as well as take any and all steps necessary to extinguish

Plaintiff's underlying debt. Plaintiff Ebner, who took the risk of bringing this Lawsuit, took a lead role in prosecuting the litigation and assisted in its resolution, will request from the Court to receive a Case Contribution Award of up to $1,500.00 (payable from the attorneys' fees) in recognition of these risks and the benefit she helped obtain for Settlement Class Members.

| **6.**   **Who represents the Parties?** |
|---|

*Plaintiff and Settlement Class Members*:

Arkady "Eric" Rayz
Kalikhman & Rayz,
LLC 1051 County
Line Road Suite A
Huntingdon Valley , PA 19006
Phone:  (215) 364-5030
Facsimile:  (215) 364-5029

Gerald D. Wells, III
Connolly Wells & Gray, LLP
2200 Renaissance Boulevard
Suite 308
King Of Prussia , PA 19406
Phone:  (610) 822-3700
Facsimile:  (610) 822-3800

*Merchants & Medical Credit Corp.:*

Charity A. Olson
Olson Law Group
2723 S. State Street
Suite 150
Ann Arbor , MI  48104
Phone: (734)222-5179
Facsimile:  (866) 941-8712

| **7.**   **How will the attorneys for the class be paid?** |
|---|

Settlement Class Counsel, as defined in the Settlement Agreement, will request an award of fees and out-of-pocket expenses that does not exceed $42,500.00.  Any attorneys' fees and costs awarded in conjunction with the Settlement shall be paid separately by MMCC.  Any fees and costs awarded by the Court in connection with this Settlement shall include and constitute satisfaction of the entire amount of attorneys' fees and costs awarded by the Court, and shall be distributed by the Claims Administrator after the Court makes a determination regarding the amount of any fees and costs to be awarded. Settlement Class Counsel's Motion for Attorneys' Fees and Costs will be a public document filed with the Court.  Once filed, Settlement Class Counsel's Motion will be available on the following website:  http://www.xxxxxxxxxxxxxxxx.  The actual amount awarded will be determined by the Court to ensure that the amount of attorneys' fees and costs are reasonable.

| **8.**   **How do I participate in the Settlement and what happens if I do participate?** |
|---|

**To receive a distribution from the Settlement Fund, you must complete, sign and return the enclosed Claim Form by mailing it to the Claims Administrator, postmarked no later than [Date 60 Days after mailing]**.  If the Court approves the Settlement, you will receive a distribution amount calculated as described in Section 5.  The Claim Form is enclosed with this Notice and may also be obtained by contacting the Claims Administrator at the address or phone number that appears at the end of this notice.

Should you choose to return your Claim Form and participate in the Settlement, and if the Court grants final approval of the Settlement, you will be deemed by the Court to have fully and irrevocably released and waived any and all FDCPA claims you may have against MMCC through the date the Court grants final approval to the Settlement arising from the letters.  You will be unable to bring any claim against MMCC that is included in the Release of Claims listed on the Claim Form.  The full release and covenant not to sue is contained in the Claim Form.

If you submit a valid Claim Form, you will receive your Settlement check for your distribution from the Settlement Fund after final approval and after the Settlement becomes effective.

| 9. | How quickly must I act to participate in the Settlement? |
|---|---|

To join the Lawsuit and receive a distribution from the Settlement Fund, you must properly complete and timely submit the enclosed Claim Form to the Claims Administrator.

**THE CLAIM FORM MUST BE POSTMARKED OR RECEIVED BY THE CLAIMS ADMINISTRATOR AT THE ADDRESS SET FORTH BELOW ON OR BEFORE [DATE 60 DAYS AFTER MAILING].**

| 10. | What if I choose to object to the Settlement? |
|---|---|

You can object to the terms of the settlement before final approval. However, if the Court approves the settlement, you may still be bound by the terms of the settlement. You may both object to the settlement and participate in it, but you must timely file a Claim Form to receive your distribution from the Settlement Fund.

To object, you must submit a written objection, along with any supporting documents or materials by [**DATE 60 DAYS AFTER MAILING**] to the Court and you must serve a copy on the counsel for both Parties at the addresses listed above. Any Settlement Class member who does not object in the manner described above shall be deemed to have waived any objections, and shall forever be foreclosed from objecting to the fairness or adequacy of the proposed Settlement, the payment of attorneys' fees, litigation costs, the Case Contribution Award to the Plaintiff, the claims process, and any and all other aspects of the Settlement.

**IF YOU INTEND TO OBJECT TO THE SETTLEMENT, BUT WISH TO RECEIVE YOUR FULL SHARE OF THE SETTLEMENT FUNDS, YOU MUST STILL TIMELY FILE YOUR CLAIM FORM AS STATED ABOVE. IF THE COURT APPROVES THE SETTLEMENT DESPITE YOUR OR ANY OTHER OBJECTION AND YOU HAVE NOT SUBMITTED A CLAIM FORM, YOU WILL NOT RECEIVE ANY PROCEEDS AND YOU WILL STILL BE BOUND BY THE RELEASE OF CLAIMS.**

| 11. | What if I choose to exclude myself from or "opt out" of the Settlement? |
|---|---|

You may exclude yourself from the Settlement by submitting a request to opt out of the Settlement postmarked no later than thirty (30) days from the date this notice was mailed, i.e.,     no later  than _____. Settlement Class Members who wish to exercise this option must send a letter by mail to the Claims Administrator that (a) is signed by the Class Member; (b) includes their full name, address and phone number; and (c) includes the following statement: "I/we request to be excluded settlement from the settlement in the Ebner action." No request for exclusion will be valid unless all of the information described above is included. If you submit a request to opt out but also submit a valid Claim Form, you will receive a Cure letter seeking clarification. Absent a response to the contrary, you will be deemed to have opted out of the Settlement. If you timely complete and submit an opt-out request, you will not participate in these proceedings, or receive any money from the Settlement. If you opt out, you will not be subject to the Release of Claims set forth in the Settlement Agreement and Claim Form. If you chose to opt-out, you can retain your own counsel at your own expense.

| 12. | What if I do nothing? |
|---|---|

**If you do nothing, you will not receive any distribution from the Settlement Fund and you will still be bound by the Release of Claims.**

You are strongly encouraged to make a decision as to whether you wish to participate in the Settlement and receive a distribution from the Settlement Fund and to return the appropriate form within the allotted time period.

| 13. | When and where will the Court decide whether to approve the settlement? |
|---|---|

The Court will hold a Final Approval Hearing at _____a.m. on _____, 2016, at the United States District Court for the Eastern District of Pennsylvania, 601 Market Street, Philadelphia, PA 19106, in Courtroom___. At this hearing, the Court will consider whether the Settlement is fair, reasonable and adequate. If there are valid objections that comply with the requirements in Question 10 above, the Court also will consider them and will listen to people who have asked to speak at the hearing.  The Court may also decide how much to pay to Settlement Class Counsel and Plaintiff.

| **14.** | **Do I have to attend the Final Approval Hearing?** |
|---|---|

No.  Settlement Class Counsel will appear on behalf of the Settlement Class.  But, you are welcome to come, or have your own lawyer appear at your own expense.

| **15.** | **Who can answer questions regarding the Settlement?** |
|---|---|

This Notice only summarizes the Settlement terms for the Lawsuit.  For more information about the settlement or if you have any questions regarding the settlement, you may contact the Claims Administrator at:

*Ebner v. Merchants & Medical Credit Corp., et al.*
c/o xxxxxxx

You can also contact Class Counsel, Eric Rayz, at (215) 364-5030.  The information contained in this Notice will also be posted on a website: [http://www.xxxxxxxxxxx]

***Do not contact the Court directly about this matter.***
***The Court cannot provide you with legal advice or any opinion regarding the Lawsuit or proposed settlement.***

# EXHIBIT D

## CLAIM FORM

SUSAN EBNER v. MERCHANTS & MEDICAL CREDIT CORPORATION, et al.
Case No.: 2:15-cv-00686-JP (ED – Pennsylvania)

**You Will Receive NO MONEY Unless You Complete, Sign And Return this Claim Form.**

**Name:** _____

 (First)                     (M.I.)           (Last)

**Address:** _____

 (Street)                                (Apt./Unit#)

_____

 (City)                       (State)          (Zip)

**The information you provide here is private and confidential and will only be used to verify your claim.**

*I acknowledge that I have read the Class Notice, am aware that the Settlement Agreement is available for my review at www.XXXXXXXX.com, and agree that I am a class member.*

_____
 (Signature)

_____
 (Date)

**THIS CLAIM FORM WILL NOT BE VALID WITHOUT YOUR NAME, COMPLETE ADDRESS AND SIGNATURE. IF YOU SUBMIT THIS FORM WITHOUT THAT INFORMATION, YOU WILL NOT RECEIVE A DISTRIBUTION FROM THE SETTLEMENT FUND.**

**THIS CLAIM FORM MUST POSTMARKED NO LATER THAN _____ AND MAILED TO THE FOLLOWING ADDRESS:**

**EBNER V. MERCHANTS**
**[Claims Administrator]**
**[Address 1]**
**[Address 2]**