# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SUSAN EBNER, individually and on behalf of all others similarly situated,<br><br>                        *Plaintiff*,<br><br>        v.<br><br>MERCHANTS & MEDICAL CREDIT CORP., *et al.*,<br><br>                        *Defendant*. | CIVIL ACTION<br>NO. 14-06882 |

## ORDER PRELIMINARILY APPROVING CLASS ACTION SETTLEMENT AND DIRECTING NOTICE TO THE CLASS

**WHEREAS**, the Court has been advised that the parties to this action, Susan Ebner (hereinafter referred to as "Plaintiff" or "Class Representative"), individually and on behalf of the Settlement Class Members (as defined below), and Defendant Merchants & Medical Credit Corp. (hereinafter referred to as "MMCC"), have agreed, subject to Court approval, to settle the above captioned lawsuit (hereinafter referred to as the "Lawsuit") upon the terms and conditions set forth in the Settlement Agreement (hereinafter referred to as the "Agreement"). The Court deeming that the definitions set forth in the Agreement are hereby incorporated by reference herein (with capitalized terms as set forth in the Agreement);

**NOW**, **THEREFORE**, based upon the Agreement and all of the records and proceedings herein, and it appearing to the Court that upon preliminary examination the Agreement appears fair, reasonable and adequate, and that a hearing should and will be held to confirm that the Agreement and settlement are fair, reasonable and adequate, whether to grant class certification for purposes of settlement, and to determine whether a Final Approval Order and Judgment should be entered in this Lawsuit;

**AND** the Court, having reviewed Plaintiff's Motion for Preliminary Approval and supporting documentation, makes a preliminary determination that the Class may be certified under Federal Rule of Civil Procedure 23;

**IT IS HEREBY ORDERED**:

1.      The Court has jurisdiction over the subject matter of the Lawsuit and over all settling parties hereto.

2.      In compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, MMCC shall promptly provide written notice of the proposed class settlement to the appropriate authorities.

3.      "Settlement Class Members" – Pursuant to Federal Rule of Civil Procedure 23(b)(3), the Court has made a preliminary determination of certification, for settlement purposes only, as a class action on behalf of the following class of individuals (hereinafter referred to as the "Settlement Class Members"):

> All persons located in (i) the Commonwealth of Pennsylvania, (ii) the State of New Jersey, or (iii) the State of Delaware according to their last known address in MMCC's records, from December 4, 2013 through August 1, 2015 (the "Class Period"), who received one or more letters from Defendant seeking to collect a consumer debt for which the MMCC account number was visible through the glassine window of the envelope.

4.      Preliminary Determination on Class Certification – The Court preliminarily determines that the Lawsuit satisfies the applicable prerequisites for class action treatment under Federal Rule of Civil Procedure 23, namely:

> A.      There are approximately 5,012 members of the Class;

> B.      The claims of the Class Representative are typical of those of the other members of the Class;

2

C.     There are questions of fact and law that are common to all members of the Class which predominate over any questions affecting only individual members;

D.     The Class Representative will fairly and adequately protect the interests of the Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Class; and

E.     Class treatment of these claims is superior to other available methods for the fair and efficient adjudication of this controversy and will be efficient and manageable, thereby achieving judicial economy.

5.     The Court preliminarily finds that the settlement of the Lawsuit, on the terms and conditions set forth in the Agreement, appears in all respects to be fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members, in light of the benefits to the Settlement Class Members; the strength of the Plaintiff's case; the complexity, expense and probable duration of further litigation; the risk and delay inherent in possible appeals; and, the FDCPA's statutory ceiling on any potential recovery for the Class.

6.     "Representative Plaintiff" and "Settlement Class Counsel" Appointment – Pursuant to Federal Rule of Civil Procedure 23, Plaintiff Susan Ebner is preliminarily appointed as the Representative Plaintiff for the Settlement Class Members and the law firms of Kalikhman & Rayz, LLC and Connolly Wells & Gray, LLP, are preliminarily appointed as counsel for the Settlement Class Members (hereinafter referred to as "Settlement Class Counsel").

7.     "Notice" – The Court approves the form and substance of the notice of proposed class action settlement, attached to the Agreement as Exhibit "C."  The proposed form and method for notifying the Settlement Class Members of the settlement and its terms and conditions meet the requirements of Federal Rule of Civil Procedure 23(c)(2)(B) and due

process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons and entitles entitled to the notice.  The Court finds that the proposed notice is clearly designed to advise the Settlement Class Members of their rights.  First Class, Inc. is appointed as the Settlement Administrator.  In accordance with the Agreement, First Class, Inc. shall cause the completed notices to be mailed to the Settlement Class Members not later than 30 days after the Court's entry of this Order, *i.e.*, no later than July 15, 2016.

8.      The Settlement Administrator is hereby ordered to send the Notice directly to the members of the Settlement Class, whether or not such members of the Settlement Class are, or have been, represented by counsel in connection with the pursuit and/or litigation by, or on behalf of MMCC of claims against such members of the Settlement Class, or in connection with the pursuit and/or litigation of individual claims by such members of the Settlement Class against MMCC for any claims asserted therein, and irrespective of whether or not any members of the Settlement Class have ever been or are in bankruptcy and/or have been discharged of any or all debts in bankruptcy, have disputed any debt and/or requested that MMCC cease and desist from collection activity or otherwise not contact them, and irrespective of any and all other reasons which any member of the Settlement Class has asserted, could presently assert or could assert in the future, not to be sent or receive the Notice Packet directly.

9.      "Settlement Fund" – In order to receive a *pro rata* portion of the Settlement Fund, Settlement Class Members must complete and return the Claim Form to the Settlement Administrator, postmarked by September 13, 2016.

10.     "Exclusions" – Any Settlement Class Member who desires to be excluded from the class must send a written request for exclusion to First Class, Inc. with a postmark date no later than thirty (30) days from mailing of class notice, *i.e.*, no later than August 14, 2016.  To be

4

effective, the written request for exclusion must include: the Settlement Class Member's full name, address, telephone number and signature; and state that the Settlement Class Member wishes to be excluded from the Settlement.  Any Settlement Class Member who submits a valid and timely request for exclusion shall not be bound by the terms of the Agreement.

11.    "Objections" – Any Settlement Class Member who intends to object to the fairness of the settlement must file a written objection with the Clerk of this Court within sixty (60) days from mailing of class notice, *i.e.*, by September 13, 2016.  Further, any such Settlement Class Member must, within the same time period, provide a copy of the written objection to Class Counsel and counsel for MMCC.  In any written objection, the Settlement Class Member must set forth his or her full name, address, telephone number and signature, along with a statement of the reasons for his or her objection and whether he or she intends to appear at the fairness hearing on his or her own behalf or through counsel.  Any Settlement Class Member who does not file a valid and timely objection to the settlement shall be barred from objecting.

12.    "Final Approval" – The Court shall conduct a hearing (hereinafter referred to as the "Final Approval Hearing") on October 3, 2016, commencing at 10:00 a.m. in a Courtroom to be determined.  The Court will notify Class Counsel of the location for the Final Approval Hearing once that information becomes available.  Class Counsel shall thereafter post the location information on the website included in the notice, attached to the Agreement as Exhibit "C."  At the Final Approval Hearing, the Court will review and rule upon the following issues:

A.    Whether this action satisfies the applicable prerequisites for class action treatment for settlement purposes under Federal Rule of Civil Procedure 23;

B.      Whether the proposed settlement is fundamentally fair, reasonable, adequate, and in the best interests of the Settlement Class Members and should be approved by the Court;

C.      Whether the Final Approval Order, as provided under the Agreement, should be entered, dismissing the Lawsuit with prejudice and releasing the Released Claims against the Released Parties as set forth in the Agreement; and

D.      To discuss and review Settlement Class Counsel's fees and expenses and any other issues as the Court deems appropriate.

13.     Attendance of the Settlement Class Members at the Fairness Hearing is not necessary.  The Settlement Class Members need not appear at the hearing or take any other action to indicate their approval of the proposed class action settlement.  Settlement Class Members wishing to be heard, however, are required to indicate in any written objection whether or not they intend to appear at the Fairness Hearing.  The Fairness Hearing may be postponed, adjourned, transferred or continued without further notice to the Settlement Class Members.

14.     "Supporting Memoranda" – Submissions by the Parties, including memoranda in support of the proposed settlement and responses to any objections, shall be filed with the Court no later than 14 calendar days prior to the Fairness Hearing.

15.     "Attorneys' Fees, Costs and Expenses" – No later than 14 calendar days prior to the Fairness Hearing, *i.e.*, by September 19, 2016, Settlement Class Counsel shall file an application for attorney's fees, costs and expenses, as set forth in the Agreement.  The Court will thereafter make a determination on Settlement Class Counsel's reasonable attorney's fees, costs and expenses to be paid by MMCC under 15 U.S.C. § 1692k.

16.     The Agreement and this Order shall be null and void if any of the following occur:

A.      If, prior to the Final Approval Hearing, the Agreement is terminated by any of the Parties, or any specified condition to the settlement set forth in the Agreement is not satisfied and the satisfaction of such condition is not waived in writing by the Parties;

B.      The Court rejects, in any material respect, the Final Approval Order substantially in the form and content attached to the Agreement and/or the Parties fail to consent to the entry of another form of Order in lieu thereof;

C.      The Court rejects any component of the Agreement, including any amendments thereto approved by the Parties; or

D.      The Court approves the Agreement, including any amendments thereto approved by the Parties, but such approval is reversed on appeal and such reversal becomes final by lapse of time or otherwise.

17.     If the Agreement and/or this Order are voided per ¶ 16 of this Order, then the Agreement shall be of no force and effect and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Agreement had never been executed and this Order never entered.

18.     The Court retains continuing and exclusive jurisdiction over the action to consider all further matters arising out of or connected with the settlement, including the administration and enforcement of the Agreement.


Dated:  June 15, 2015                               BY THE COURT:

                                                   _/s/ Gerald J. Pappert_
                                                   GERALD J. PAPPERT, J.