## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SUSAN EBNER, individually and on
behalf of all others similarly situated,

    *Plaintiff,*

   v.

MERCHANTS & MEDICAL CREDIT
CORP., *et al.*,

    *Defendant.*

CIVIL ACTION
NO. 14-06882

## ORDER

**AND NOW**, this 22nd day of March, 2017, upon consideration of the Parties'

request for final approval of the Settlement Agreement ("Agreement") between Plaintiff

Susan Ebner ("Plaintiff"), individually, and as representative of the class of persons

defined below ("Settlement Class"), and Defendant Merchants & Medical Credit Corp.

("MMCC"), the Court orders and finds as follows:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff,

  Settlement Class Members, and MMCC.

2. The following Settlement Class is certified pursuant to Fed. R. Civ. P. 23(b)(3):

  All persons located in (i) the Commonwealth of Pennsylvania, (ii) the State of

  New Jersey, or (iii) the State of Delaware, according to their last known address

  in MMCC's records, from December 4, 2013 through August 1, 2015 (the "Class

  Period"), who received one or more letters from Defendant seeking to collect a

  consumer debt for which the MMCC account number was visible through the

  glassine window of the envelope.

3.  Based on the Parties' stipulations: (A) the Settlement Class as defined is

    sufficiently numerous such that joinder is impracticable; (B) common questions

    of law and fact predominate over any questions affecting only individual

    Settlement Class members; (C) the Plaintiff's claims are typical of the

    Settlement Class members' claims; (D) Plaintiff is an appropriate and adequate

    representative for the Class and her attorneys, Arkady "Eric" Rayz, of the law

    firm, Kalikhman & Rayz, LLC, 1051 County Line Road, Suite " A," Huntingdon

    Valley, PA 19006 and Gerald D. Wells, III, of the law firm, Connolly Wells &

    Gray, LLP, 2200 Renaissance Blvd., Suite 308, King of Prussia, PA 19406, are

    hereby appointed as Settlement Class Counsel; and (E) a class action is the

    superior method for the fair and efficient adjudication of the claims of the

    Settlement Class Members.

4.  The Court approved a form of notice for mailing to the Settlement Class. The

    Court is informed that actual notice was sent by first class mail to approximately

    4,802 Settlement Class Members by First Class, Inc., the third-party settlement

    administrator.  A total of 392 envelopes were returned by the United States

    Postal Service, none of which were returned with forwarding addresses and re-

    mailed.  No Settlement Class members requested exclusion, and no objections

    were filed or received.

5.  On January 12, 2017, the Court held a fairness hearing to which Settlement

    Class Members, including any with objections, were invited.  No one attended

    the hearing.

6. The Court finds that provisions for notice to the class satisfy the requirements of due process pursuant to the Federal Rules of Civil Procedure, including Rule 23, the United States Constitution and any other applicable law.

7. The Court finds that the settlement is fair, reasonable, and adequate and hereby finally approves the Agreement submitted by the Parties, including the Release and payments by MMCC.  Upon the Effective Date, as that term is defined in the Agreement, MMCC, or its insurer, shall make the following payments:

   a) $29,000.00 ("Settlement Fund") to be deposited with a settlement administrator to distribute pro rata among Settlement Class Members who did not exclude themselves and who returned a timely, valid claim form ("Participating Settlement Class Members").  Participating Settlement Class Members will receive a pro rata share of the Settlement Fund by check. Checks issued to the Participating Settlement Class Members will be void sixty (60) days from the date of issuance.  If any portion of the Settlement Fund remains after the void date on the Participating Settlement Class Members' checks, these remaining funds will be distributed as set forth in the following paragraph.

   b) $1,000 to Plaintiff as her individual statutory damage award.

   c) $42,500 to be paid to Class Counsel for attorneys' fees and costs. Class Counsel will not request additional fees or costs from MMCC.

   d) Of the amount awarded to Class Counsel, $2,500 shall be payable to Plaintiff as a Case Contribution Award in recognition of her efforts in prosecuting these claims on behalf of the class.  No other amounts, other than those

either awarded by this Court or otherwise set forth in the Agreement shall be payable to Plaintiff.

e) All costs incurred by the Settlement Administrator arising from or related to this Settlement.

8. This Court approves the individual and class releases set forth in the Parties' Agreement, and the released claims are consequently compromised, settled, released, discharged, and dismissed with prejudice by virtue of these proceedings and this Order.

9. The Court finds the Agreement is fair and made in good faith.

10. Within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be addressed by motion to the Court after distribution and after the administrator prepares an accounting of payments and checks cashed.

11. The terms of the Agreement are incorporated into this order. This Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

12. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

13. The Court retains continuing and exclusive jurisdiction over the Parties and all matters relating to this matter, including the administration, interpretation, construction, effectuation, enforcement, and consummation of the Settlement and this Order.

14. The Parties are hereby ordered to comply with the terms of the Agreement and

   this Order.


                                                BY THE COURT:


                                                ***/s/ Gerald J. Pappert***
                                                GERALD J. PAPPERT, J.